*Court of Quarter Sessions, Dauphin County, March 11th, 1857.*

COMMONWEALTH *v.* LIEBTREU.

Several distinct crimes may be charged in different counts in the same indictment. In an indictment for selling liquor to minors, their minority and names must be averred if known; also that the defendant well knew that they were minors; in one for selling to persons of known intemperate habits, the fact that they were persons so known must be set forth; and in one for selling on Sunday, the fact of sale only on that day need be averred, not the names of the persons to whom the liquor was sold.

BY THE COURT.—Motions have been made for a new trial and in arrest of judgment in this case. It is complained that the defendant is charged with five distinct offences in one indictment, and consequently had not a proper opportunity to make his defence. It must be observed that all of the offences charged are misdemeanors; and, although they arise under different acts of Assembly, are of a similar character. It was discretionary with the district attorney to prefer separate bills, or charge all of the offences in one, containing different counts; and as the latter is decidedly for the advantage of the defendant in diminishing the expenses, he cannot complain. Each charge is as specially set forth as though five separate bills had been prepared. On the first count, for keeping a disorderly house, the defendant was acquitted. On the second, for selling spirituous and malt liquors without a license, he was convicted. That count is fully sustained by the evidence; and although not very artificially drawn, the crime is charged in good legal form, and judgment must be rendered thereon. The third count is for selling liquor to minors "to the jurors unknown," etc. This is not properly sustained by the evidence. In a charge of this character, when the offence consists not in the sale or trafficking of liquor contrary to law, but in furnishing it to a particular class of persons, it is indispensable to name the party and aver his minority, except when it is laid that the name is unknown, which would dispense with the necessity. But that averment must be true, which is not the case here; as the name of at least one of the minor witnesses was indorsed on the bill, and he was also called in court to prove his age and the purchase. This was ground of acquittal on the trial, and the jury should have been so instructed.

No sentence will be pronounced on this count. We have doubts, also, as to whether it is valid for want of the *scienter*. In our opinion it should be stated that the said Augustus Liebtreu well knew that the person to whom he sold was a minor. The guilty knowledge is the gist of the offence. This may be inferred from circumstances, as personal appearance, residence in the vicinity, or the like. On the fourth count the defendant was acquitted; but we will observe, *en passant*, that it is fatally vicious, as it omits

the *scienter* as to the habits; does not aver that the persons furnished were of *known* intemperate habits, and fails to conclude " against the form of the statute."

The fifth count was fully sustained by the evidence, and is, in our opinion, good in law.    The offence does not consist in selling to particular persons, but in selling, trading, or bartering in liquors on a particular day.    It must be averred that the defendant did " sell, trade, or barter liquor on the first day of the week,, commonly called Sunday ;" stating the names of the persons to whom the sale was made, or that their names were unknown, is surplusage, and need not be averred or proved.    The count is not precisely in the words of the act, but conforms substantially to its requirements.    Therefore we cannot arrest the judgment on it.

The court gives judgment for the commonwealth on the second and fifth counts of the indictment, and on the third for the defendant.